# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 20, 2014

## STATE OF TENNESSEE v. RYAN SOSA

**Appeal from the Circuit Court for Sevier County**
**No. 16137      Rex Henry Ogle, Judge**

**No. E2013-02108-CCA-R3-CD - Filed June 19, 2014**

In this appeal, the Defendant, Ryan Sosa, contends that the trial court abused its discretion in revoking his probation and ordering his original sentences for the sale of cocaine into execution because he showed a willingness to abide by the rules of probation and had not had any issues on probation prior to the violations currently at issue. Upon consideration of the foregoing and the record as a whole, we affirm the trial court's sentencing decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Edward Cantrell Miller, District Public Defender; and Amber Haas, Assistant Public Defender, for the appellant, Ryan Sosa.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; James B. Dunn, District Attorney General; and Tim Norris, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

The Defendant was indicted on January 18, 2011, for two counts of the sale of cocaine and two counts of the delivery of cocaine, Class B felonies. Pursuant to a plea agreement, the Defendant pleaded guilty on April 5, 2011, to two counts of the sale of cocaine and received concurrent sentences of six and eight years and was ordered to serve 365 days in jail, with the remainder of the sentence to be served on supervised probation. The delivery counts were dismissed. On July 24, 2013, the Defendant's probation officer, Paige Saylor, filed a violation warrant against the Defendant, alleging that he had violated the terms of his

probation by incurring new charges; failing to report; and testing positive for multiple controlled substances after a drug screen. The Defendant's violation of probation hearing was held on September 4, 2013, and the following evidence was presented.

Ms. Saylor testified that she was the Defendant's probation officer and that she filed the violation warrant for the following reasons: the Defendant "was arrested on June 16th by the Sevierville Police Department for theft of property"; he failed to report to their scheduled meeting on July 3rd, and despite her attempts, she was unable to reach him; and on April 4th, the Defendant took a drug screen and tested "positive for cocaine, Oxycodone, THC, and Suboxone[;] he admitted to [using] all substances." Ms. Saylor explained that, after the positive drug screen in April, she referred the Defendant to a "forensic social worker for an A&D assessment[.]" She also relayed that the Defendant did report the June 16th new arrest to her but that he did not show up for their next scheduled meeting.

The Defendant also testified at the hearing. When asked if he had anything to say, he stated,

> I was nervous. I had relapsed and I wanted to turn myself in but I wanted to get better before I turned myself in. I had made it eighteen months on the street. Anytime I had a phone number change and address change, a job change, before I changed jobs, I always called in and informed them of that. With the failed drug screen I had talked to the social worker and we took -- we did -- I followed through with what I needed to do with that. . . .
>
> I was referred to CADAS, a twenty-eight day treatment facility, and I went there and completed the program and I reported after that. I completed that.

The Defendant also stated that he had contacted another facility, True Purpose, and that he would likely be able to stay there, initially, with the help of his family and, ultimately, supporting himself by working at the facility.

After asking the Defendant some questions, the trial court explained,

> I guess what bothers me as much as anything, you know, in this scenario I don't worry as much about the new charges -- I worry about them and it's just further evidence -- but here you were convicted of selling cocaine and then while on probation you're obviously doing that and you're doing everything else, which tells me -- I think a logical deduction is that you have been associating with people that are dealing drugs. You're not trying to

change your habits, your way of life.

When the Defendant suggested his being housed in a halfway house in another location as an additional option, the trial court intimated that the Defendant could have made such a decision previously, rather than "to go start hanging out with people that w[ere] buying and selling drugs." The trial court then stated that it found the Defendant in violation and was revoking his probation and sending him to the penitentiary.

On September 17, 2013, the Defendant filed a timely notice of appeal seeking this court's review of the trial court's decision.

## ANALYSIS

On appeal, the Defendant contends that the trial court erred in revoking his probation and ordering his original sentence into execution because he showed a willingness to abide by the rules of probation and had not had any issues on probation for two years prior to the instant violation. The State responds that the trial court's revocation of the Defendant's probation was not an abuse of discretion because the record supports its finding that the Defendant violated the terms of his probation; further, contrary to the Defendant's assertion, he had only been on probation for just over a year when the violations at issue occurred.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310, which provides that the trial court possesses the power "at any time within the maximum time that was directed and ordered by the court for the suspension, . . . to revoke . . . the suspension" and cause the original judgment to be put into effect. A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of release. Tenn. Code Ann. § 40-35-311(e).

Furthermore, the trial court's decision to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To find an abuse of discretion in a probation revocation case, the record must be devoid of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting

State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Based on our review of the record and the applicable law, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering his original sentence into execution with credit for time served. Our supreme court has held that "if a trial court determines that a defendant has violated the conditions of probation, it has the authority to revoke the defendant's probation and cause execution of the original judgment." State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). The record reveals that the trial court primarily based its sentencing decision on the Defendant's testing positive for multiple controlled substances on April 4th and his failure to report to his probation officer on July 3rd, both violations of the terms of his probation. Further, the Defendant admitted in court that he did not report to his probation officer in July because he had "relapsed" by starting to use drugs again; thus, as noted by the State, his admissions alone provide substantial evidence supporting the trial court's decision. In ordering the Defendant's original sentence into execution, the trial court explained that the Defendant's relapse – and not the new charge – was of most concern because the Defendant's original offense was for selling drugs, and his relapse led to the "logical deduction that [he] ha[d] been associating with people who [we]re dealing drugs"; thus, he was "not trying to change his habits, [his] way of life." The Defendant did not deny the veracity of the trial court's deduction. Therefore, we conclude that the record contains substantial evidence to support the trial court's decision to revoke the Defendant's probation upon finding – based on undisputed evidence – that he had violated the terms of his probation, and the trial court had the authority to then order the Defendant's original sentence into execution. As such, we glean no abuse of discretion in the instant case, and the Defendant is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE

-4-